# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SHAWN JAMES AMARAL,

        Plaintiff,

v.                                                      Case No. 6:22-cv-666-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

_____

# OPINION AND ORDER[1]

## I.   Status

    Shawn James Amaral ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of hyperglycemia, depression, morbid obesity, left and right ankle issues, degenerative arthritis, chronic pain, hypertension, chronic bronchitis, trouble sleeping, neuropathy, and frequent

---

[1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 9), filed July 26, 2022; Reference Order (Doc. No. 14), signed August 4, 2022 and entered August 5, 2022.

headaches. Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed July 26, 2022, at 80, 104-05, 124-25, 267, 331.

On May 14, 2014, Plaintiff protectively filed the DIB and SSI applications, alleging a disability onset date of March 23, 2013.[2] Tr. at 244-48, 249-50 (DIB), 217-37, 238-43 (SSI). Later, Plaintiff amended his alleged disability onset date to September 10, 2014. Tr. at 571, 644. The applications were denied initially, Tr. at 80-90, 102, 147, 148-50 (DIB), 91-101, 103, 151-53, 154 (SSI), and upon reconsideration, Tr. at 104-23, 145, 159, 160-64 (DIB), 124-43, 144, 165-69, 170 (SSI).

On September 26, 2016, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 50-78, 568-97, 730-58 (duplicates). At the time, Plaintiff was thirty-six (36) years old. Tr. at 70. The ALJ issued a decision on December 20, 2016 finding Plaintiff not disabled through the date of the decision. Tr. at 22-32, 683-93 (duplicate). Plaintiff requested review of the ALJ's decision and submitted additional evidence in support of the request. Tr. at 5-6, 13-18, 39-49, 215-16. On October 10, 2017,

---

[2]    The DIB application was completed on an unknown date, Tr. at 248, and submitted on May 15, 2014, Tr. at 249. The SSI application was completed on May 13, 2014, Tr. at 237, and submitted on May 28, 2014, Tr. at 238. The protective filing date for both the DIB and SSI applications is listed in the administrative transcript as May 14, 2014. See, e.g., Tr. at 80, 91, 104, 124.

the Appeals Council denied review, Tr. at 1-3, 669-72 (duplicate), making the ALJ's decision the final decision of the Commissioner. Tr. at 1-3.

Plaintiff initiated an action in this Court by filing a Complaint on December 7, 2017 seeking review of the Commissioner's final decision.[3] Tr. at 676-78. On January 4, 2019, this Court entered an Order reversing and remanding the Commissioner's final decision with instructions to "consider[] the record as a whole," with particular emphasis on a functional capacity assessment that was authored in February 2017 by Todd Gates, D.O., and submitted to the Appeals Council. Tr. at 700-14, 713; see also Tr. at 715 (Judgment), 873-75 (Dr. Gates' assessment). On remand, the Appeals Council sent the matter back to the ALJ consistent with the Court's instructions. Tr. at 717-18, 719.

On October 18, 2019, the ALJ held another hearing, during which the ALJ heard from Plaintiff, who remained represented by counsel, and a VE. See Tr. at 638-68. The ALJ issued a Decision on October 31, 2019 finding Plaintiff not disabled through the date of the Decision. Tr. at 613-29. Plaintiff requested review of the ALJ's Decision. Tr. at 601-02 (Appeals Council Exhibit List and Order), 816-18 (request for review tracking information and summary of appeal). On February 11, 2022, the Appeals Council declined to assume

---

[3]     The Complaint is dated December 6, 2017, but was filed the next day. See Tr. at 676-78.

jurisdiction, Tr. at 598-600, making the ALJ's Decision the final decision of the Commissioner. On April 6, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, the issues are 1) "[w]hether the ALJ properly weighed all of the medical opinions of record based on an adequate rationale and substantial evidence at each step of the sequential evaluation process"; and 2) "[w]hether the ALJ properly considered [] Plaintiff's obesity when formulating the residual functional capacity" ("RFC"). Plaintiff's Memorandum of Law (Doc. No. 16; "Pl.'s Mem.") filed September 12, 2022, at 17, 23; see id. at 17-24. On November 22, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem."), addressing the issues. Then, with the Court's permission, Plaintiff's Reply to Defendant (Doc. No. 21; "Reply") was filed on December 9, 2022. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further administrative proceedings.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 615-29. Prior to engaging in the inquiry, the ALJ first recited the alleged disability onset date, incorrectly, as March 23, 2013. Tr. at 613. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since March 23, 2013, the alleged onset date." Tr. at 615 (emphasis and citation

---

[4]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: obesity, dysfunction of major joints, peripheral neuropathy, and ischemic heart disease with or without angina, depression, anxiety, and chronic bronchitis." Tr. at 615 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 616 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform sedentary work as defined in 20 CFR [§§] 404.1567(a) and 416.967(a) except [Plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can sit for 6 hours in an 8-hour workday. He can stand and/or walk for 2 hours in an 8-hour workday. He can stand and/or walk for no more than 20 minutes uninterrupted. He can occasionally climb ramps and stair[s], balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, or scaffolds. He must avoid workplace hazards such as unprotected heights, moving mechanical parts, operating heavy machinery, humidity and wetness, extreme temperatures, vibrating surfaces and tools. He is limited to frequent exposures to sustained concentrated amounts of dust, odors, fumes and pulmonary irritants. He requires level and even flooring and walking surfaces. He is able to understand, remember, carry out rote and routine instructions or tasks that require little independent judgment or decision-making and can be learned from a short demo period of less than 30 days. He can appropriately interact with supervisors, coworkers and general public where that interaction is superficial or brief, short, and nonconfrontational. He can make simple work related decisions and adapt to occasional, gradual, routine and predictable workplace changes independently. He can work at one work site location and not be required to travel to two or more different work site locations to perform tasks.

Tr. at 617-18 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "camera video rental," a "recreation facility attendant," and a "cashier II." Tr. at 627 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("32 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "surveillance systems monitor," "addressor," and "lacquerer," Tr. at 628 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from March 23, 2013, through the date of th[e D]ecision." Tr. at 629 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial

evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ did not properly evaluate several medical opinions of record. See Pl.'s Mem. at 17-23; Reply at 1-8. These opinions address both physical and mental limitations. See Pl.'s Mem. at 17-23. Plaintiff also contends the ALJ erred in failing to properly consider his obesity when formulating the RFC. See id. at 23-24.

The medical opinions and evidence at issue with respect to Plaintiff's physical limitations center around Plaintiff's issues with his ankles, his need for an assistive device, and the ALJ's election not to include certain limitations

(including the need for the assistive device) in the RFC. See id. at 17-18; Reply at 1-7. Because the undersigned ultimately agrees that the ALJ erred in evaluating the evidence relating to the physical limitations and finds remand is required, there is no need to address the remaining arguments. The evidence relevant to those arguments may be re-evaluated on remand. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

Back to Plaintiff's physical limitations, Plaintiff argues the ALJ erred in failing to address the opinions of Gary Robinson, D.O. and Homi Cooper, M.D., who, according to Plaintiff, "both agreed that a cane and ankle brace were medically necessary." Pl.'s Mem. at 17. Plaintiff also contends these opinions are consistent with observations of other medical professionals and with Plaintiff's testimony. Id. at 17-18. Finally, Plaintiff asserts the ALJ erred in addressing the opinions of Gary Weiss, M.D., who briefly treated Plaintiff for neurological issues relating to his ankles and spine. Id. at 20-23.

Dr. Robinson treated Plaintiff through a family practice and on September 3, 2014 wrote Plaintiff prescriptions for a cane and ankle brace after Plaintiff requested them. Tr. at 458. Dr. Cooper saw Plaintiff for a consultative

examination and authored an opinion regarding Plaintiff's functioning on October 15, 2014. Tr. at 492-96. As part of that opinion, Dr. Cooper stated: "He uses a left ankle air splint and this is probably medically necessary. He also uses a cane, which may be beneficial as he ambulates." Tr. at 496.

Dr. Weiss saw Plaintiff in November 2014 and again in September 2016, Tr. at 506-09, 862-66, and rendered opinions on Plaintiff's functioning dated October 21, 2016, Tr. at 880-83, and February 17, 2017, Tr. at 876-79. In short, Dr. Weiss opined Plaintiff has greater physical limitations than the ALJ found in the RFC, and that Plaintiff would be off task 25% or more of the time and would miss more than four days of work per month. Tr. at 880-83, 876-79.

Defendant disputes whether the information from Dr. Robinson qualifies as a "medical opinion" and argues that Dr. Cooper's opinion on the assistive device issue was merely a recommendation. Def.'s Mem. at 8-10. Defendant attacks the other evidence relevant to the assistive device issue by again arguing that observations of certain professionals do not qualify as medical opinions and/or that the ALJ properly discounted them. See id. at 12. As to Plaintiff's testimony, Defendant points out that Plaintiff does not challenge on appeal the ALJ's findings with respect to his testimony. Id. at 12-13. Finally, as to Dr. Weiss, Defendant argues the ALJ properly assigned his opinions little weight in light of the short treatment relationship and the opinions' alleged inconsistency with his treatment records. Id. at 14-17.

"Medical opinions[5] are statements from [physicians or other] acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Acceptable medical sources include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1502(a).[6]

The Regulations establish a hierarchy among medical opinions that provides a framework for determining the weight afforded each medical opinion. See 20 C.F.R. § 404.1527. Essentially, "the opinions of a treating physician are entitled to more weight than those of a consulting or evaluating health professional," and "[m]ore weight is given to the medical opinion of a source who examined the claimant than one who has not." Schink v. Comm'r of

---

[5]     On January 18, 2017, the SSA revised the Rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff protectively filed his claims before that date, the undersigned cites the Rules and Regulations that are applicable to the date the claims were filed, as well as Eleventh Circuit authority interpreting those Rules and Regulations.

[6]     For claims filed on or after March 27, 2017, acceptable medical sources also include licensed audiologists, licensed Advanced Practice Registered Nurses, and licensed Physician Assistants. 20 C.F.R. § 404.1502(a)(6)-(8).

Soc. Sec., 935 F.3d 1245, 1259, 1260 n.5 (11th Cir. 2019). Further, "[n]on-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." Id. at 1260 (citing Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam)).

The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. § 404.1527(c)(2)-(5); see also 20 C.F.R. § 404.1527(f); Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021) (citation omitted); McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citation omitted) (stating that "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists").

An ALJ is required to consider every medical opinion. See 20 C.F.R. § 404.1527(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any

physician when the evidence supports a contrary conclusion," <u>Oldham v. Schweiker</u>, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); <u>see also</u> 20 C.F.R. § 404.1527(c)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," <u>Winschel v. Comm'r of Soc. Sec.</u>, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing <u>Sharfarz</u>, 825 F.2d at 279); <u>Moore v. Barnhart</u>, 405 F.3d 1208, 1212 (11th Cir. 2005); <u>Lewis</u>, 125 F.3d at 1440.

With respect to allegations that an assistive device, such as a cane, is required, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *7 (SSA 1996).

Here, the ALJ found as to Dr. Weiss's opinions that they were entitled to "little weight," as they were "inconsistent with his treatment records" and were rendered after a short treatment relationship. Tr. at 627. The ALJ was permitted to rely on the short treatment relationship as one of multiple factors in evaluating the opinions. But, the ALJ did not observe or discuss any of the findings in the records that are favorable to Plaintiff. Tr. at 627. Instead, the ALJ wrote:

> These physical examinations showed a normal gait and station. He could perform toe and heel walking. His Romberg was negative. He had no drift. He had normal strength and normal reflexes. There is no EMG/NCS test in [Plaintiff's] medical evidence.

Tr. at 627.

The ALJ erred in evaluating Dr. Weiss's opinions. Dr. Weiss himself specifically stated in his opinions that they were supported by "severe, chronic pain with abnormalities noted on exam." Tr. at 877. While the ALJ's finding that Plaintiff has "normal gait and station" appears in the medical notes, Tr. at 864, the very same notes, as well as Dr. Weiss's opinions, state that Plaintiff has "gait and balance disturbances," Tr. at 862, 877. Moreover, in discounting Dr. Weiss's opinions, the ALJ omitted any reference to the abnormal findings, Tr. at 627,[7] including the "right Babinski sign, slight left ankle clonus and no response to plantar stimulation on the left," as well as decreased sensation in both lower legs and reduced spine motions, Tr. at 865. Dr. Weiss specifically relied on these findings and others in rendering his opinions. Tr. at 880. The ALJ did not explain how, if at all, Dr. Weiss's opinions are inconsistent with these findings. Tr. at 627. Because judicial review is frustrated in this regard, reversal and remand are required.

---

[7] The ALJ did recognize some of these findings when summarizing the medical evidence. Tr. at 620-21. However, when evaluating the opinion as required, the ALJ never reconciled these findings with the election to assign little weight to Dr. Weiss's opinion.

As to Plaintiff's need for an assistive device, the ALJ did observe that Plaintiff "was prescribed an ankle brace," Tr. at 619 (citation omitted), but did not recognize Plaintiff was also prescribed a cane by Dr. Robinson. This prescription qualifies as a medical opinion under the governing regulation. 20 C.F.R. § 404.1527(a)(1). In failing to discuss it, the ALJ did not at all address whether there was good cause to discount it but at the same time implicitly rejected it. Even if Defendant's argument about it not qualifying as a medical opinion were accepted, the failure to recognize this important prescription is harmful in light of the evidence in the record that supports the need for an assistive device but corresponding failure to include this need in the RFC.

The ALJ seemed to accept in some places in the Decision that Plaintiff needs an assistive device of some type. See Tr. at 616 (finding Plaintiff "is able to ambulate with a cane"), 618 (finding Plaintiff testified he "sits on a walker in front of a stove" when making meals and "has a brace on his left ankle to avoid twist and cane which was confirmed"), 620 (recognizing Dr. Cooper's October 15, 2014 examination note that Plaintiff "walked with the assistance of a cane in his right hand, but no cane was used during this assessment"), 622 (recognizing a mental health note that observed Plaintiff ambulating with a cane), 624 (same). Moreover, the ALJ recited Dr. Cooper's observation that Plaintiff "uses a cane, which may be beneficial as he ambulates." Tr. at 626. But, in assigning only "some weight" to Dr. Cooper's findings, the ALJ did not

address this statement, Tr. at 626, which, even if it is not conclusive, is consistent with other evidence regarding the need for a cane. And, in ultimately assigning the RFC, the ALJ did not address the need for an assistive device or include one.[8] On remand, it shall be clarified whether Plaintiff needs an assistive device, and if so, it shall be included in the RFC.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)      Reconsider the medical opinions with respect to Plaintiff's physical limitations, including whether Plaintiff has a need for an assistive device;

(B)      If appropriate, address the other issues raised by Plaintiff in this appeal; and

---

[8]      The undersigned acknowledges that the VE testified an addition of an assistive device to the hypothetical would not change the jobs that are available. Tr. at 664. But, in light of the need to re-evaluate Dr. Weiss's opinion on other physical limitations, it shall be clarified on remand whether Plaintiff needs an assistive device and whether it should be included in the RFC.

(C)     Take such other action as may be necessary to resolve these claims properly.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on August 23, 2023.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record